UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANISE COHEN, | No. 2:25-cv-00770-DJC-CKD |
| Plaintiff, | |
| v. | ORDER |
| REGAL CINEMAS, INC., et al., | |
| Defendants. | |

Plaintiff seeks remand of this case to state court arguing that the Court lacks diversity jurisdiction because the minimum amount in controversy has not been met. As discussed further below, the Court agrees, and finds that Defendant has not sufficiently demonstrated that the amount in controversy exceeds $75,000. Accordingly, the Court will GRANT remand.

**BACKGROUND**

Plaintiff Janise Cohen alleges she was employed as a team lead for Defendant Regal Cinemas, Inc. in their movie theaters from approximately November 2023 through August 2024. (Compl. (ECF No. 1-2) ¶¶ 3, 11.) Plaintiff filed this action on January 30, 2025, in Sacramento County Superior Court on behalf of herself and other aggrieved employees seeking Private Attorneys General Act ("PAGA") penalties under

1

California Labor Code section 2698 *et seq.* for Defendant's alleged violations of the Labor Code, including failing to pay agreed-upon wages, failing to pay overtime wages, providing inaccurate wage statements, failing to timely pay wages owed at termination, and failing to reimburse business expenses. (*Id.* ¶¶ 1, 12–20, 31–38.) Plaintiff also seeks attorney's fees and injunctive relief. (*Id.* at 9.)

Defendant removed this matter to federal court based on diversity jurisdiction on March 7, 2025. (*See* Removal Not. (ECF No. 1).) Plaintiff moved to remand on March 14, 2025. (Mot. Remand (ECF No. 7).) The Court held a hearing on May 15, 2025, with Lisa Bradner appearing for Plaintiff and Spencer Turpen appearing for Defendant. The Court ordered the Parties to submit supplemental briefing within seven days addressing the calculation of attorney's fees for amount in controversy purposes in PAGA cases, after which the matter was submitted.

## LEGAL STANDARD

A case may be removed to federal court if that court would have jurisdiction over the matter. *See* 28 U.S.C. § 1441; *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). Subject-matter jurisdiction exists in civil cases involving a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction exists for all suits where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and is between parties with diverse citizenship. 28 U.S.C. § 1332(a).

"A motion to remand is the proper procedure for challenging removal." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing 28 U.S.C. § 1447(c)). Removal statutes are "strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Id.* (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). This "'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566.

////

**DISCUSSION**

Here, the Parties do not dispute that they are diverse, as Plaintiff is a citizen of California while Defendant is a citizen of Delaware and Tennessee. (*See* Removal Not. ¶¶ 15–20.) Rather, Plaintiff disputes that Defendant has established an amount in controversy over $75,000. (*See* Mot. Remand at 5–9.)

Where it is not facially evident from a complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (*per curiam*). Plaintiff's Complaint does not specify an amount in controversy. However, Defendant alleges in the Removal Notice that the amount in controversy is at least $135,680. (Removal Not. ¶ 68.) To reach this total, Defendant calculates the PAGA penalties as follows: $5,000 for the minimum wage violations, $4,000 for the overtime wage violations, $4,000 for the meal and rest break violations, $5,000 for the wage statement violations, $2,000 for failing to reimburse business expenses, $5,380 for failing to pay wages at termination, and $500 for record-keeping violations, totaling $25,880. (*See* Removal Not. ¶¶ 34-57, 68; *see also* Kumpinsky Decl. (ECF No. 1-3) ¶¶ 9, 11–27.) Defendant also calculates attorney's fees at $109,800. (*See* Removal Not. ¶¶ 58–68.)

Defendant amends these calculations in their Opposition, calculating $7,000 for the minimum wage violations, $6,000 for the overtime wage violations, $10,000 for the meal break violations, $10,000 for the rest break violations, $9,000 for the wage statement violations, $4,000 for failing to reimburse business expenses, $5,280 for failing to pay wages at termination, and $500 for record-keeping violations, totaling $51,780 in PAGA penalties.[1] (Opp'n (ECF No. 14) at 7–8; *see also* Suppl. Kumpinsky

---

[1] From what the Court gathers, Defendant increased their PAGA penalties calculation in the Opposition primarily because the new PAGA statute provides that a heightened default penalty rate of $200 per pay period applies if "the court determines that the employer's conduct giving rise to the violation was malicious, fraudulent, or oppressive." Cal. Lab. Code § 2699(f)(2)(B). Defendant assumed a $200 violation rate based on Plaintiff's purported allegations of malicious, fraudulent, and oppressive conduct. (Opp'n at 6–7.)

Decl. (ECF No. 14-3) ¶¶ 9, 11–26, 39.) Defendant also calculates an additional $69,552, the yearly cost of one new full-time employee, related to Plaintiff's claim for injunctive relief, reasoning that they "can reasonably include the cost of adding one full time employee to Plaintiff's former shift to ensure that the alleged understaffing, and resultant purported Labor Code violations, do not continue at Plaintiff's former location." (Opp'n at 8–9.) Finally, Defendant calculates an additional $15,927 in statutory damages, statutory penalties, and liquidated damages. (*Id.* at 9; Suppl. Kumpinsky Decl. ¶¶ 27–39.) Adding these calculations to Defendant's estimated $109,800 in attorney's fees, Defendant calculates a total amount in controversy of $247,059. (Opp'n at 15.)

Plaintiff disputes these calculations for two primary reasons. First, Plaintiff contends that the Court must discount the portion of the PAGA penalties that will be paid to the Labor and Workforce Development Agency ("LWDA") when calculating the amount in controversy. (Mot. Remand at 5–7; Reply (ECF No. 15) at 2–4.) Second, Plaintiff argues that only her pro rata share of the attorney's fees may be included in the amount in controversy calculation. (Mot. Remand at 7–9.) Plaintiff argues that, once these adjustments are made, Defendant's calculations fail to satisfy the amount in controversy, necessitating remand.

As discussed further below, the Court finds that remand is warranted here. First, the Court agrees with Plaintiff that it may only consider Plaintiff's pro rata share of her attorney's fees in its calculations and finds that Defendant has failed to support its assertion that $109,800 represents Plaintiff's share. Accordingly, the Court will disregard this amount in its amount in controversy calculation. Second, the Court finds that Defendant's $69,552 valuation of Plaintiff's claim for injunctive relief is speculative and unsupported by Plaintiff's allegations. As such, that amount will also be discounted from the amount in controversy calculation. Finally, Defendant's remaining estimates of $51,780 in PAGA penalties and $15,927 in statutory damages, statutory penalties, and liquidated damages, even if correct, are insufficient to meet

the $75,000 jurisdictional threshold.  Accordingly, the Court will remand this matter to the Sacramento County Superior Court.

**I.      The Court Will Discount Defendant's Calculated Attorney's Fees**

Attorney's fees may be included in the amount in controversy when they are available pursuant to a statute or statutes underlying the plaintiff's claims.  *Shoner v. Carrier Corp.*, 30 F.4th 1144, 1148 (9th Cir. 2022).  Under PAGA, "[a]ny employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs."  Cal. Lab. Code § 2699(k)(1).  Accordingly, the Court may consider attorney's fees when assessing the amount in controversy for this PAGA action.

Here, Defendant estimates that Plaintiff's counsel will bill $600 per hour based on a declaration counsel submitted in another recent wage and hour matter. (Removal Not. ¶ 64.)  Defendant further estimates that counsel will bill at least 10 hours for initial fact investigation, 5 hours for drafting the Complaint, 3 hours for preparing for and participating in the Federal Rule of Civil Procedure 26(f) conference and drafting the Rule 26(f) report, 5 hours for reviewing case documents, 10 hours for responding to written discovery, 50 hours for preparing for and defending Plaintiff's deposition and preparing for and taking other witnesses' depositions, 30 hours for opposing summary judgment, 30 hours for preparing for trial, and 40 hours for a 2-day trial and post-trial motions.  (*Id.* ¶ 66.)  Thus, Defendant concludes Plaintiff's counsel will reasonably spend at least 183 hours litigating this case, totaling $109,800 in attorney's fees.

Plaintiff disputes this calculation, arguing that Defendant fails to properly parse out only Plaintiff's pro rata share of the anticipated attorney's fees.  (Mot. Remand at 8–9.)  The Court agrees.  In *Gibson v. Chrysler Corp.*, the Ninth Circuit found that attorney's fees sought in a class action under California Civil Procedure Code section 1021.5 could not be allocated solely to the named plaintiff for purposes of satisfying the amount in controversy.  261 F.3d 927, 941–42 (9th Cir. 2001), *holding modified on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005) ("We

5

therefore hold that under California law, attorneys' fees are not awarded solely to the named plaintiffs in a class action, and that they therefore cannot be allocated solely to those plaintiffs for purposes of amount in controversy."). The court based this finding on the language of section 1021.5, which provides that a court may award attorney's fees "to a successful party" rather than to a named or representative party. *See id.* at 942–43 (quoting Cal. Civ. Proc. Code § 1021.5). PAGA is analogous because it does not specify that only a named or representative party is entitled to attorney's fees. *See* Cal. Lab. Code § 2699(k)(1) (stating "[a]ny employee who prevails in any action" is entitled to attorney's fees). Consistent with this interpretation, the Ninth Circuit has indicated that the *Gibson* rule applies in PAGA cases, *see Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 850 n.2 (9th Cir. 2020), such that "only the portion of attorney's fees attributable to [the plaintiff's] claims count towards the amount in controversy." *Patel v. Nike Retail Servs., Inc.*, 58 F. Supp. 3d 1032, 1049 (N.D. Cal. 2014).

In addition, in is well established that the amount in controversy requirement in a PAGA action cannot be satisfied by aggregating the PAGA penalties a plaintiff seeks for their individual PAGA claims with the PAGA penalties sought on behalf of non-party aggrieved employees. *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1122–23 (9th Cir. 2013). In reaching this conclusion, the Ninth Circuit in *Urbino* applied "[t]he traditional rule [] that multiple plaintiffs who assert separate and distinct claims are precluded from aggregating them to satisfy the amount in controversy requirement," unless "they 'unite to enforce a single title or right in which they have a common and undivided interest,' . . . [meaning] 'the claims are derived from rights that they hold in group status . . . .'" *Id.* (quoting *Snyder v. Harris*, 394 U.S. 332, 335 (1969); *Eagle v. Am. Tel. & Tel. Co.*, 769 F.2d 541, 546 (9th Cir. 1985)). Because common questions of fact and law will not necessarily establish a common and undivided interest, the court must ask whether "the defendant 'owes an obligation to the group of plaintiffs as a group and not to the individuals severally,'" to determine whether a common and undivided interest exists. *Id.* (quoting *Gibson*, 261 F.3d at 944). The

6

1   *Urbino* court concluded that, while "[a]ggrieved employees have a host of claims
2   available to them . . . all of these rights are held individually" and cannot be
3   aggregated. *Id.* (citations omitted). "Following *Urbino*, the growing consensus
4   among district courts in California is that attorney's fees similarly cannot be
5   aggregated, but rather they must be pro-rated among putative class members when
6   determining the amount in controversy." *Taylor v. Interstate Grp.*, No. 15-cv-05462-
7   YGR, LLC, 2016 WL 861020, at *6 (N.D. Cal. Mar. 7, 2016) (gathering cases).
8          Here, Defendant fails to fully account for the impact of Plaintiff's representative
9   PAGA claim when estimating attorney's fees. Defendant asserts their attorney's fees
10  calculation is based solely on Plaintiff's individual PAGA claim, arguing, "for example,
11  no amounts have been allocated to PAGA wide discovery, no amounts to a motion to
12  challenge the manageability of the PAGA claims, and no amounts to the time required
13  to try a PAGA representative action." (Opp'n at 22–25.) However, the Court is not
14  persuaded that Defendant's estimate is so narrowly tailored, as the estimate includes
15  legal work that will inevitably involve Plaintiff's representative claim, including taking
16  the Plaintiff's and witnesses' depositions, litigating pre-trial motions, and preparing for
17  trial. *See, e.g., Tercero v. C&S Logistics of Sacramento/Tracy LLC*, No. 2:24-cv-02228-
18  DC-JDP, 2024 WL 4818750, at *5 (E.D. Cal. Nov. 18, 2024) (declining to credit
19  defendants' estimate of attorney's fees in PAGA action because, in part, "Attorney
20  Kane's estimate includes legal work that will inevitably involve Plaintiff's representative
21  claim, including discovery, pretrial motions, trial, and post-trial motions"); *Rodriguez v.*
22  *Goodrich Corp.*, No. 14-cv-01026-JAM-AC, 2014 WL 3842904, at *4 (E.D. Cal. Aug. 1,
23  2014) (defendants' attorney's fees estimates were not based solely on fees applicable
24  to plaintiff because they include pretrial activities that "would be conducted on behalf
25  of the entire putative class, not merely Plaintiff as an individual"). Further, Defendant
26  has not demonstrated that the estimated attorney's fees account solely for Plaintiff's
27  pro rata share by, for example, calculating out the entirety of the attorney's fees that
28  could be sought in this representative action and dividing out Plaintiff's share. *Cf.*,

*e.g., Canela*, 971 F.3d at 850 (holding that the $75,000 jurisdictional threshold was not met when 968 employees collectively sought $5,324,000 in PAGA penalties and $1,064,800 in attorney's fees because plaintiff's pro-rata share of the penalties and fees (i.e., PAGA penalties plus attorney's fees divided by the number of employees) totaled only $6,600 at the time of removal). Accordingly, the Court finds that Defendant has not sufficiently established that Plaintiff's pro rata share of the attorney's fees will amount to $109,800.

For this reason, the Court will not credit Defendants' estimate of attorney's fees in calculating the amount in controversy.

## II. Defendant's Valuation of Plaintiff's Claim for Injunctive Relief is Speculative and Will be Disregarded

Plaintiff seeks injunctive relief for Defendant's alleged Labor Code violations, alleging "that employees [were] not able to take compliant meal and rest breaks, and were not paid for all time worked, because they were 'overloaded' with work and understaffed." (Opp'n at 9 (citing Compl. ¶¶ 15–16.) Defendant reasons that, given these allegations, they can "include the cost of adding one full time employee to Plaintiff's former shift to ensure that the alleged understaffing, and resultant purported Labor Code violations, do not continue . . . ." (*Id.*) Thus, Defendant adds $69,552, or the cost of one new full-time employee, to the amount in controversy analysis. (*Id.*)

When seeking injunctive relief, "the potential cost to the defendant of complying with the injunction . . . represents the amount in controversy for jurisdictional purposes." *In re Ford Motor Co./Citibank (S. Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001). However, Defendant provides no explanation here as to why they would need to hire and pay for an additional employee in order to provide Plaintiff with her meal and rest breaks. While Defendant could certainly make that choice, the Court finds it speculative at best to assume Defendant would be unable to comply with this Court's prospective order to abide by California's wage and hour laws without hiring an additional employee. Thus, the Court will not consider Defendant's

valuation of Plaintiff's claim for injunctive relief here. *See Jackson v. Am. Bar Ass'n*, 538 F.2d 829, 831 (9th Cir. 1976) (finding the amount in controversy requirement not met in matter seeking injunctive relief when the protected rights asserted "appear to be intangible, speculative, and lack the capability of being translated into monetary value"); *Gastelum v. Hie River Park LLC*, No. 1:23-CV-00472-SKO, 2023 WL 4161416, at *6 (E.D. Cal. June 22, 2023) ("Accordingly, the request for injunctive relief is too speculative for the Court to appropriately include it in the amount in controversy."); *see also Mann v. Unum Life Ins. Co. of Am.*, 505 F. App'x 854, 856 (11th Cir. 2013) ("When the value of injunctive relief is too speculative and immeasurable, it will not be included in the amount in controversy.") (internal quotation marks omitted).

In sum, as Defendant's amount in controversy calculation for Plaintiff's claim for injunctive relief is overly speculative, the Court will not include the $69,552 valuation in the amount in controversy.

## III. The Court Need Not Consider the Other Penalties and Fees

Defendant estimates $51,780 in PAGA penalties assuming a heightened $200 violation rate based on Plaintiff's allegations of malicious, fraudulent, and oppressive conduct under Labor Code section 2699(f)(2)(B). (Opp'n at 6–8.) Defendant also argues that Plaintiff's Complaint seeks statutory damages, statutory penalties, and liquidated damages, placing an additional $15,927 in controversy. (*Id.* at 9.)

Plaintiff disputes these calculations for several reasons. First, as to the PAGA penalties, Plaintiff disputes whether the Court may consider 100% of Plaintiff's potential PAGA penalties in determining the amount in controversy, or whether it should look to Plaintiff's potential 35% share of the penalties alone, as aggrieved employees are statutorily entitled to only 35% of the PAGA penalties recovered while the LWDA is entitled to 65%.[2] Cal. Lab. Code § 2699(m). Second, Plaintiff disputes

---

[2] District courts have been divided as to whether the LWDA's share of potential PAGA penalties is properly included in the amount in controversy based on the Ninth Circuit's decision in *Urbino*. *Compare Lopez v. Ace Cash Express*, No. LA CV11-07116-JAK, 2015 WL 1383535, at *5 (C.D. Cal. Mar. 24, 2015); *Coffin v. Magellan HRSC, Inc.*, No. 19-cv-2047-BAS-NLS, 2020 WL 773255, at *5 (S.D. Cal. Feb. 18, 2020); *Steenhuyse v. UBS Financial Servs., Inc.*, 317 F. Supp. 3d 1062, 1069 (N.D. Cal. 2018)

9

that Defendant's alleged conduct could be considered "malicious, fraudulent, or oppressive" to support a heightened $200 penalty rate under Labor Code section 2699(f)(2)(B).  Finally, Plaintiff argues that she does not seek any additional statutory damages, statutory penalties, or liquidated damages beyond the PAGA penalties, which have already been included in the amount in controversy, such that the additional $15,927 must be discounted.

The Court need not resolve these disputes here.  Even assuming that Defendant's calculations are correct, PAGA penalties of $51,780 and statutory damages, statutory penalties, and liquidated damages of $15,927 combined total only $67,707, an amount insufficient to bring the amount in controversy over the $75,000 threshold.  Accordingly, Defendant has not proved by a preponderance of the evidence that the $75,000 amount in controversy is satisfied.

## CONCLUSION

For the reasons set forth above, the Court finds the requirements for diversity jurisdiction have not been met as the amount in controversy is under $75,000. Accordingly, the Court GRANTS Plaintiff's Motion to Remand.  (ECF No. 7.)  This case is hereby REMANDED to the Superior Court of Sacramento County.

IT IS SO ORDERED.

Dated:  **July 3, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC4 – Cohen.25cv770.MotRemand

---

with *Patel*, 58 F. Supp. 3d at 1047; *Ruiz v. Snyder's-Lance, Inc.*, No. 24-cv-04053-RFL, 2024 WL 4295280, at *2 (N.D. Cal. 2024).